IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HALLIE ANN BAUMAN              :
                               :
         v.                    :     No. 05-1276
                               :
DAIMLERCHRYSLER CORPORATION, a :
Delaware Corporation, individually and as successor:
in interest to CHRYSLER CORPORATION   :

## PROTECTIVE ORDER

The parties having stipulated to the entry of this order, and the court otherwise being advised with law;

IT IS ORDERED that the following provisions and conditions shall govern plaintiff and DaimlerChrysler Corporation:

1. In response to discovery in this matter, DaimlerChrysler Corporation has identified responsive materials that it considers proprietary and competitively sensitive, and that it wishes to protect from dissemination outside the confines of this litigation. This Order shall control the disclosure and dissemination of such documents and information, and shall apply to all parties in this case and to other persons as described herein.

2. DaimlerChrysler Corporation shall designate material confidential only after determining that the material is a trade secret or other confidential, research, development or commercial information or is otherwise considered confidential under applicable law.

3. In responding to written discovery, DaimlerChrysler Corporation may designate any portion of its response which contains trade secret or other confidential, research, development or commercial information or information otherwise considered confidential under applicable law by marking the material, in a manner which will not interfere with its legibility, with the words "This

document is subject to a Protective Order in "*Bauman v. DaimlerChrysler Corporation*", "Confidential" or a similar designation.

4. In any deposition, if the deponent's testimony is deemed confidential, DaimlerChrysler Corporation will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

5. Any confidential information that DaimlerChrysler Corporation provides to plaintiff may be disclosed only to plaintiff and/or immediate employees of plaintiff's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as plaintiff's co-counsel, consultants and experts.

6. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

7. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

8. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute an acknowledgment letter of the type attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to

whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for plaintiff and furnished to counsel for DaimlerChrysler Corporation upon the conclusion of this litigation. Plaintiff's counsel shall also maintain and furnish to counsel for DaimlerChrysler Corporation at the conclusion of the litigation a list or description of which confidential information has been disclosed to each recipient.

9. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Order after execution of an acknowledgement letter.

10. Any confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal under applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Order to receive such confidential information. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

### CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

11. Information designated as "Confidential" may be referred to by plaintiff in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these

purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

12. If, at the time of trial, plaintiff intends to introduce into evidence any information designated as Confidential, she shall give timely notice of such intention to the Court and counsel for DaimlerChrysler Corporation, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. The party claiming information is confidential shall have the burden of proving that confidentiality.

13. After the conclusion of this action, this Order shall continue to apply to all confidential information provided by DaimlerChrysler Corporation and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Order.

14. All documents and copies of documents designated as Confidential shall be returned to DaimlerChrysler Corporation at the conclusion of this case. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials.

15. In the event that any party disagrees with DaimlerChrysler Corporation's designation of any item as Confidential and subject to this Protective Order, that party shall, up until the time of trial, send a written notice to DaimlerChrysler Corporation specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Order until such time as this Court rules that the items are not entitled to confidential treatment.

16. Neither plaintiff(s) nor defendant(s) or their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise or publicize the contents of confidential information.

17. The terms of this Order shall remain confidential and this Order shall not be used, disclosed or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking enforcement of the provisions of this Order.

Judge
DATED: 3-20-06

ATTORNEYS FOR PLAINTIFF  
BY: _____  
Dwayne E. Ross, Esq.  
Dated: Jan. 6, 2005

DAIMLERCHRYSLER CORPORATION  
BY: _____  
Keith D. Heinold, Esq.  
Dated: 3/15/2006

EXHIBIT "A"

WRITTEN ASSURANCE

STATE OF PENNSYLVANIA

COUNTY OF WESTMORELAND

I, _____ _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____ . _____, 2005, in *Bauman v DaimlerChrysler Corporation, et al.*, that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the Western District of Pennsylvania, County of Westmoreland, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____   _____   ___

Subscribed and sworn to before me this _____ day of _____, 200 __.

_____  _____

NOTARY PUBLIC

6